# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 20-1593V
(not to be published)

|  |  |
|---|---|
| SETH M. NIESEN, | Chief Special Master Corcoran |
| Petitioner, | Filed: January 20, 2023 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit (SPU); Attorney's Fees and Costs; Non-Licensed Attorney; Vague Billing Entries |
| Respondent. | |

*Matthew Menzer, Menzer Law Firm, PLLC, Seattle, WA,* for Petitioner.

*Catherine Elizabeth Stolar, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On November 16, 2020, Seth Niesen filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged he suffered a right shoulder injury related to vaccine administration resulting from an influenza vaccine received on February 27, 2020. Petition at 1. On August 4, 2022, a Decision was issued awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 38.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated October 31, 2022 (ECF No. 43), requesting a total award of $28,712.59 (representing $28,240.00 in fees and $472.59 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that he incurred no out-of-pocket expenses. *Id.* at 23. Respondent reacted to the motion on November 7, 2022, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. (ECF No. 44. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

**ATTORNEY FEES**

A. <u>Hourly Rates</u>

Petitioner requests the following rates for attorney Matthew Menzer and associates JohnDavid Toren and Brady Douglas:

|  | **2020** | **2021** | **2022** |
|---|---|---|---|
| **Menzer** | $450 | $475 | $475 |
| **Toren** | $300 | $325 | $325 |
| **Douglas** | $275 | $275 | $300 |
| **Paralegals** | $150 | $150 | $150 |

ECF No. 43 at 21.

Mr. Menzer has been previously awarded the rate of $350, and Mr. Toren has been previously awarded the rate of $200 per hour for their time billed in 2017-18. *See Douse v. Sec'y of Health & Human Servs.,* No. 17-771V, 2018 WL 2772721, (Fed. Cl. Spec. Mstr, Mar 22, 2018). However, as counsel has not filed a motion for attorney's fees and costs filed for any case containing time billed for the year 2019, an hourly rate for that year has not been determined, let alone the other years. But I largely find the requested rates acceptable – with one exception.

Petitioner's motion states that attorney Douglas has been licensed since 2014. *Id* at 3. But given that Mr. Douglas is not an attorney admitted to practice in the Court of Federal Claims, a reduction of his requested hourly rate is appropriate. An attorney who is not admitted to practice before this Court is not eligible to collect fees at an admitted attorney's rate for his work. *See Underwood v. Sec'y of Health & Human Servs.,* No. 00-357V, 2013 WL 3157525, (Fed. Cl. Spec. Mstr. May 31, 2013).

With these standards in mind, I find the time billed by Mr. Douglas excessive. He will be compensated at the highest paralegal rates for those years: $163.00 per hour for

2020, and $172.00 for 2021. Application of these rates results in a reduction of **$2,755.20**.[3]

## B. Vague Entries

Many of the billing entries for communication (such as phone calls and e-mails to the client and other parties) are vague because they do not mention the topic of the communication. As the Federal Circuit has previously ruled, disclosure of the general subject matter of billing statements does not violate attorney-client privilege, and billing entries for communication should therefore contain some indication as to the nature and purpose of the communication. *See Avgoustis v. Shinseki*, 639 F.3d 1340, 1344-45 (Fed. Cir. 2011).

The filed invoices reveal 65 entries listed simply as "email client", "call with client" or "email gov't atty". ECF No. 43 at 1-20.  Based on the vagueness of these entries it is difficult to ascertain if the time spend was reasonable. I will accordingly reduce the overall amount of fees to be awarded by 2 percent as a general cut. This reduces the awarded fees by **$519.15.**[4] (I make no other adjustments to the tasks billed).

## ATTORNEY COSTS

Petitioner requests $472.59 in overall costs. (ECF No. 43 at 20). This amount is comprised of obtaining medical records and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable and shall award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$25,910.83** (representing $25,438.24 in fees and $472.59 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[5]

---

[3] This amount is calculated as follows: ($275 - $163 = $112 x 22.2hrs = $2,486.40) + ($300 - $172 = $128 x 2.0hrs = $268.80) = $2,755.20).

[4] This amount is calculated as follows: the reduced total of fees ($25,957.39) x .02 = $519.1478.

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master